[Civ. No. 23302. Second Dist., Div. Three. Aug. 29, 1958.]

MORRIS BARNES et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; BESSIE SMITH, Real Party in Interest.

Bolton, Groff, Dunne & Sink for Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

PATROSSO, J. pro tem.*—Petitioners, defendants in an action pending in the respondent court, seek a writ of mandate directing said court to set aside its order sustaining plaintiff's refusal to answer certain questions propounded to her during the course of a pretrial deposition.

The action in which the deposition proceedings were had is one instituted by the plaintiff, Bessie Smith, seeking damages for alleged injury sustained by her. In the complaint it is alleged that the defendant sold her a bottle of liquid hair straightener and warranted the same to be safe for her use and that as a result of using said hair straightener much of her hair became loose and fell out.

Upon her examination the plaintiff was asked as to how many doctors she had consulted during the year prior to the accident to which she replied that she had a family doctor to whom she went for a check up every six months. She was then asked the name of this family doctor and upon instructions of her counsel she refused to answer. She was then asked if she had been to any other doctor during the period of five years preceding the accident. This question too she refused to answer upon the advice of her counsel.

One of the principal issues in the case is whether the plaintiff lost her hair as a result of using the defendants' product and we are of the view that the questions propounded to the plaintiff which she refused to answer were reasonably cal-

---

*Assigned by Chairman of Judicial Council.

culated to lead to the disclosure of persons who might have knowledge of a preexisting physical condition which was the cause of plaintiff losing her hair rather than the use of defendants' product.

If such proof were adduced it would be a valid defense to the action, and hence, the questions are relevant to the subject matter involved in the pending action and to the defense of the petitioners. (Code Civ. Proc., § 2016, subd. (b).) There is no suggestion or claim that the compulsory disclosure of the names of the physicians who had treated plaintiff in the past would constitute an invasion of the physician-patient privilege, and if such a claim were made it would in any event be unavailing. (Code Civ. Proc., § 1881, subd. 4.)

Neither do we believe that the question which sought to elicit the names of all physicians who had treated plaintiff during the preceding period of five years was too broad. We are referred to medical authorities to the effect that baldness may result from illness and a number of physical disorders as well as conditions the etiology of which is unknown. As these or some of them, if existent, may have had their origin in a more or less remote period of time the scope of the examination designed to lead to the discovery of proof thereof should not be unduly restricted.

Let a peremptory writ of mandate issue directing the respondent court to set aside its order and directing the witness to answer the questions hereinabove referred to.

Shinn, P. J., and Vallée, J., concurred.